IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **Michael Estes,**<br><br>Plaintiff<br><br>v.<br><br>**Carolyn Colvin,**<br><br>Defendant | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>1:15-CV-0082-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Michael Estes filed this action asking the Court[1] to reverse or remand the final agency decision denying his Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social Security Act, *see* 42 U.S.C. §§ 401–434, 1381–1383f.  Mr. Estes claims an amended disability onset date of February 21, 2012, (tr. 22), and claims disability flowing from low back, shoulder, and hip pain, with hearing and memory loss, (tr. 21).  The Administrative Law Judge ("ALJ") determined that Mr. Estes did not qualify as disabled within the meaning of the Social Security Act.  (ECF No. 5, the certified copy of the transcript of the entire record of the administrative proceedings relating to Michael Estes (hereafter "Tr. __") 18-19.)  Having carefully considered the parties' memoranda, the complete record in this matter, and oral argument, the Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

42 U.S.C. §§ 405(g) and 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA").  The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial

---

[1] On September 24, 2015, the parties consented to the undersigned Magistrate Judge deciding their case under 28 U.S.C. § 636(c).  (ECF No. 11.)

1

evidence in support of the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. §405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3).

Adequate, relevant evidence that a reasonable mind might accept to support a conclusion constitutes substantial evidence, and "[e]vidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).[2] The standard "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. "Evidence is not substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988) (internal quotation marks and citations omitted). Moreover, "[a] finding of 'no substantial evidence' will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (internal quotation marks and citations omitted).

Although the reviewing court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks and citations omitted). The court will "review only the *sufficiency* of the evidence." *Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007). The court does not have to accept the Commissioner's findings mechanically but "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's]

---

[2] Courts apply the same analysis in determining disability under Title II and Title XVI. *See House v. Astrue*, 500 F.3d 741, 742 n.2 (8th Cir. 2007).

decision and, on that basis, determine if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (internal quotation marks and citation omitted). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence,'" and the court may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Lax*, 489 F.3d at 1084 (*quoting Zoltanksi v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

In addition to a lack of substantial evidence, the court may reverse where the Commissioner uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

The Social Security Act ("Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Moreover, the Act considers an individual disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant qualifies as disabled within the meaning of the Act, the SSA employs a five-part sequential evaluation. *See* 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-53 (10th Cir. 1988); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. §§ 404.1520, 416.920. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy. *Id.*

Mr. Estes argues the ALJ erred by failing to accord controlling weight to the opinion of his treating medical provider Dr. Hall. (Pl.'s Br. 4, ECF No. 15.) The Commissioner contends the ALJ correctly gave Dr. Hall's opinions no weight because the ALJ found them inconsistent with substantial evidence in the record. (Def.'s Br. 6-7, tr. 23.)

An ALJ must evaluate every medical opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). If the ALJ finds a treating physician's opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the] case record," the ALJ must give the opinion controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider certain factors. 20 C.F.R. §§ 404.1527(c) and 416.927(c) provide these factors:

4

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*See Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003) (citation omitted).  To reject a medical opinion, the ALJ must provide "'specific, legitimate reasons.'"  *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (quoting *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996)).

The ALJ's decision need not discuss explicitly all of the factors.  *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that a lack of discussion of each factor does not prevent the court from according the decision meaningful review).  When considering medical opinion evidence, the ALJ must weigh and resolve evidentiary conflicts and inconsistencies.  *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) (reflecting the ALJ's duty to resolve conflicting medical evidence).  The court may not supply possible reasons for assigning the weight the ALJ did and may only evaluate the ALJ's decision on the stated reasons.  *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004).

Here, the ALJ did not accord controlling weight to Mr. Estes's treating medical provider's opinion.  Instead, the ALJ's decision provided specific, legitimate reasons for granting "no weight" to Dr. Hall's opinion.  (Tr. 23.)  The ALJ found Dr. Hall's opinion inconsistent with his own treatments notes and with the x-rays.  (*Id.*, tr. 385 (referring to tr. 408; *see* tr. 21).)  Specifically, the ALJ found that only Mr. Estes's left shoulder had any documentation of limited movement and that Dr. Hall noted Mr. Estes moved with only some restriction in his shoulder and back.  (Tr. 23, 392, 424-26)  On multiple occasions, the ALJ found Dr. Hall reported Mr.

Estes had normal range of motion, walking on heels and toes, reflexes, strength, and gait.  (Tr. 23, 373, 385-87.)

Because the ALJ provided specific, legitimate reasons for according no weight to Dr. Hall's opinion and supported those reasons with substantial record evidence, this Court finds no error.

## CONCLUSION

Based on the foregoing, the Court finds substantial evidence supports the Commissioner's decision; the Commissioner applied the correct legal standards; and AFFIRMS the Commissioner's decision in this case.

DATED this September 27, 2016.

> BY THE COURT:
>
> _____
> Evelyn J. Furse
> United States Magistrate Judge